UNITED STATES of America,
Appellee,

v.

Anthony KING, Defendant–Appellant.

Docket No. 02–1021.

United States Court of Appeals,
Second Circuit.

Argued: Jan. 13, 2003.

Decided: April 2, 2003.

Elizabeth S. Riker, Assistant United States Attorney, Syracuse, New York (Joseph A. Pavone, United States Attorney for the Northern District of New York, Richard R. Southwick, Assistant United States Attorney, Syracuse, New York, on the brief), for Appellee.

Lisa A. Peebles, Assistant Federal Public Defender, Syracuse, New York (Alexander Bunin, Federal Public Defender, Melissa A. Tuohey, Syracuse, New York, on the brief) for Defendant–Appellant.

Before: KEARSE and B.D. PARKER, JR., Circuit Judges, and RAKOFF, District Judge *.

KEARSE, Circuit Judge.

Defendant Anthony King appeals from a judgment entered in the United States District Court for the Northern District of New York following a jury trial before Norman A. Mordue, *Judge*, convicting him of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000), and sentencing him principally to 235 months' imprisonment, to be followed by a three-year term of supervised release. The prison term was imposed pursuant to the enhanced penalty provisions of 18 U.S.C. § 924(e) (2000), applicable to defendants convicted of violating § 922(g) after prior convictions for three violent felonies and/or serious drug offenses. On appeal, King argues, *inter alia*, that the enhancement provision was inapplicable because one of his prior convictions, *i.e.*, that for attempted criminal possession of a controlled substance in violation of N.Y. Penal Law § 220.16(1) (McKinney 1992) was not for "a serious drug offense" within the meaning of § 924(e). Finding no merit in this or any of King's other contentions, we affirm the judgment of conviction. We write principally to address the sentencing challenge.

## I. BACKGROUND

The facts relevant to King's sentencing challenge are as follows. The present prosecution was commenced after King was arrested in February 2000 following an argument during which he and another man threatened each other with guns. King was indicted by a federal grand jury on three counts: (1) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) being a convicted felon in possession of ammunition, in violation of the same section; and (3) knowingly possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), a count that was eventually dismissed. A superceding indictment

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

added that King was subject to an enhanced sentence under 18 U.S.C. § 924(e).

The first two counts of the indictment were consolidated and tried to a jury, which found King guilty of violating § 922(g)(1). Section 924(e) requires that a person who violates § 922(g) and has three prior convictions for "a violent felony or a serious drug offense, or both," be sentenced to, *inter alia*, at least 15 years' imprisonment. 18 U.S.C. § 924(e)(1). In sentencing King, the district court determined that he had three pertinent prior New York State convictions: (1) attempted robbery in the third degree, (2) assault in the second degree, and (3) attempted possession of a controlled substance in the third degree. Finding, over King's objections, that attempted robbery and assault were violent felonies and that attempted possession of a controlled substance, to wit, cocaine, in violation of N.Y. Penal Law § 220.16(1) was a serious drug offense, all within the meaning of 18 U.S.C. § 924(e)(1), the court sentenced King under § 924(e)(1), and within the range prescribed by the Sentencing Guidelines ("Guidelines") in light of King's present offense and his criminal record, to a prison term of 235 months.

This appeal followed.

## II. DISCUSSION

On appeal, King contends that imposition of the enhanced sentence under § 924(e) was improper because his state-court drug conviction did not fall within that section. He also argues that the court erred in ruling on the admissibility of photographic evidence at trial and that it abused its discretion in failing to grant him a downward departure from the Guidelines range. We find no basis for reversal in any of King's contentions; only the sentencing challenge warrants extended discussion.

### A. *Serious Drug Offenses Under § 924(e)*

Section 924(e) of Title 18 provides, in pertinent part, that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years ....

18 U.S.C. § 924(e)(1). As used in subsection (e) of· § 924, the term "serious drug offense" is defined to mean

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) *an offense under State law, involving* manufacturing, *distributing, or possessing with intent to* manufacture or *distribute,* a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A) (emphases added).

King's contention is that because the definition in subsection (A)(ii) does not mention attempts, an attempt to commit a serious drug offense should not be considered a serious drug offense for purposes of the § 924(e) penalty enhancement. In support of this contention, King points to the fact that subsection (B) of § 924(e)(2), in defining "violent felony" as that term is used in § 924(e)(1), contains an express reference to attempts:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... that—

(i) has as an element the use, *attempted* use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ....

18 U.S.C. § 924(e)(2)(B) (emphasis added). King argues that the express reference to attempts in § 924(e)(2)(B)(i) and the absence of any reference to attempts in subsection (A)(ii)'s definition of serious drug offense mean that an attempted drug possession was not intended by Congress to be considered a serious drug offense. Relying on *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), he contends that we must "adopt a 'categorical approach'" and "'look only to the fact of conviction and the statutory definition of the prior offense,'" looking beyond that definition only if the statute extends to conduct that would not "satisf[y] the [§ 924(e)] definitions." (King brief on appeal at 41 (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143).) Reviewing the applicability of § 924(e) to King's offense *de novo*, we reject his contention that attempts to commit a serious drug offense were not themselves meant to be considered serious drug offenses.

Subsection (A)(ii) of § 924(e)(2) does not define a serious drug offense simply as a state-law offense of drug distribution, manufacture, or possession with intent to distribute. Rather, it defines a serious drug offense as a state-law offense "involving" drug distribution, manufacture, or possession with intent to distribute. The word "involving" has expansive connotations, and we think it must be construed as extending the focus of § 924(e) beyond the precise offenses of distributing, manufacturing, or possessing, and as encompassing as well offenses that are related to or connected with such conduct. *Accord United States v. Brandon*, 247 F.3d 186, 190 (4th Cir.2001) ("the word 'involving' itself suggests that the subsection should be read expansively"); *cf. United States v. James*, 834 F.2d 92, 93 (4th Cir.1987) ("[V]iolations 'involving' the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves.") (discussing 18 U.S.C. § 924(c) (Supp. IV 1986) (referring to "violations ... involving the distribution, manufacture, or importation of any controlled substance"), *amended by* 18 U.S.C. § 924(c) (1988)).

Our interpretation of "involving" as a word of expansion finds support in part of the Supreme Court's analysis in *Taylor*, which contrasted definitions using the word "involv[ing]" with definitions that did not include that word. The question before the *Taylor* Court was the meaning of "burglary" in § 924(e)(2)(B)(ii)'s definition of "violent felony." In the course of concluding that a narrow focus was required by the fact that Congress used the simple word "burglary," the Court discussed another part of the "violent felony" definition, pointing out that

[s]ection 924(e)(2)(B)(i) defines "violent felony" as any crime punishable by imprisonment for more than a year that "has as an element"—*not* any crime that, in a particular case, *involves*—the use or threat of force.

495 U.S. at 600, 110 S.Ct. 2143 (emphases added). We think the implication of this statement is that where Congress frames a factor in terms of an "involve[ment]" with

a certain crime, the proper focus of the inquiry is broader than the mere elements of the crime.

 In light of § 924(e)(2)(A)(ii)'s definition of "a serious drug offense" to include a state offense "involving" possession with intent to distribute, the district court correctly determined that King's New York State conviction for attempted possession of cocaine in the third degree was a conviction for a serious drug offense. Under New York law, "[a] person is guilty of criminal possession of a controlled substance in the third degree," a Class B felony, "when he knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it." N.Y. Penal Law § 220.16(1). Under New York law, a person can be convicted of an attempt to commit an offense only if it is proven that he came "very near" or "dangerously near" to successfully completing the intended crime, *see People v. Acosta,* 80 N.Y.2d 665, 670, 593 N.Y.S.2d 978, 981, 609 N.E.2d 518 (1993), " 'carr[ying] the project forward within dangerous proximity to the criminal end to be attained,' " *People v. Bracey,* 41 N.Y.2d 296, 300, 392 N.Y.S.2d 412, 415, 360 N.E.2d 1094 (1977) (quoting *People v. Werblow,* 241 N.Y. 55, 61, 148 N.E. 786, 789 (1925)).

A Class B felony is punishable by up to 25 years' imprisonment. *See* N.Y. Penal Law § 70.00(2)(b) (McKinney 1992). An attempt to commit a Class B felony is a Class C felony, *see* N.Y. Penal Law § 110.05(4) (McKinney 1992), which is punishable by a prison term of up to 15 years, *see* N.Y. Penal Law § 70.00(2)(c) (McKinney 1992). Thus, for the offense of attempted criminal possession of a controlled substance in the third degree, New York law prescribes a prison term of up to 15 years.

The first count of the New York State indictment against King charged him with the crime of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE in violation of Section 220.16(1) of the Penal Law of the State of New York committed as follows: The said ANTHONY KING . . . knowingly and unlawfully possessed a narcotic drug with intent to sell it, to wit: cocaine.

*People v. King,* No. 92/0141 (N.Y. County Court, Indictment). King pleaded guilty to a reduced charge of "attempted" criminal possession of a controlled substance in the third degree. Although King suggests that his plea was ambiguous and may have related to some subsection of § 220.16 other than subsection (1)—and hence might not have admitted intent to sell—there is nothing in the record to support this suggestion. Only count one of the indictment charged King with cocaine possession in the third degree, and that count alleged that he violated § 220.16(1). Although two additional counts charged King with cocaine possession, those counts charged possession only in lesser degrees. In light of the facts that the certificate of King's conviction shows his plea of guilty to attempted possession in the third degree, that only one count of the indictment charged King with possession in the third degree, and that that count cited subsection (1) of § 220.16, we conclude that King's conviction was properly interpreted as one for attempt to violate 220.16(1).

In sum, the offense of possession of controlled substances in the third degree in violation of N.Y. Penal Law § 220.16(1) has as an element the intent to sell; the third-degree possession count of the indictment against King alleged that he possessed cocaine with intent to sell, in violation of that section; cocaine is a controlled substance within the meaning of 21 U.S.C. § 802; and a § 220.16(1) offense is punishable by up to 25 years' imprisonment.

Thus, third-degree possession of cocaine in violation of § 220.16(1) is a serious drug offense as defined in 18 U.S.C. § 924(e)(2)(A)(ii). We conclude that King's conviction for attempt to commit that offense "involv[ed]" possession of cocaine with intent to distribute; and since that attempt offense subjected him to a maximum prison term of 15 years, it is thus likewise a serious drug offense within the meaning of § 924(e)(1). We thus find no error in the district court's enhancement of King's sentence under § 924(e)(1).

We note that King's suggestion that Congress does not view mere attempts to engage in drug trafficking as "serious" is further rebutted by the fact that in dealing with narcotics trafficking in violation of federal law, Congress has prescribed precisely the same punishment for attempts as for completed offenses. *See* 21 U.S.C. § 846 ("Any person who attempts ... to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt ...."). Thus, any attempt to commit a substantive federal offense falling within § 924(e)'s definition of "serious drug offense" is likewise a serious drug offense. We infer that Congress's use of the expansive word "involving," in dealing with state offenses, was intended to have that same effect where state law, for an attempt to commit a serious drug offense, prescribes a maximum prison term of 10 years or more.

B. *Other Contentions*

■ King's other contentions provide no basis for reversal. He challenges evidentiary rulings of the trial court, including the admission of 34 photographs of the crime scene offered by the prosecution, and the exclusion of a videotape of the crime scene proffered by the defense. The trial court's evidentiary rulings are reviewed only for abuse of discretion, *see, e.g., United States v. Khalil,* 214 F.3d 111, 122 (2d Cir.), *cert. denied,* 531 U.S. 937, 121 S.Ct. 326, 148 L.Ed.2d 262 (2000), and we see no abuse of discretion here.

King also challenges the court's refusal to grant him a downward departure from the sentencing range prescribed by the Guidelines, either by reducing his criminal history category on the theory that it was overstated or by reducing his offense level on the ground of "an imperfect duress defense" (King brief on appeal at 56). We lack jurisdiction to entertain these challenges because there is no indication in the record that the court committed any error of law or misapprehended its power to depart. *See, e.g., United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.), *cert. denied,* 531 U.S. 1027, 121 S.Ct. 602, 148 L.Ed.2d 514 (2000).

## CONCLUSION

We have considered all of King's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.