**UNITED STATES of America,**
**Appellee,**

v.

**David BROWN, Defendant–Appellant.**

**No. 02–1634.**

United States Court of Appeals,
Second Circuit.

May 5, 2004.

John A. Cirando, D.J. & J.A. Cirando, (Lisa M. Cirando, Susan R. Rider, Mickelle A. Olawoye, on the brief), Syracuse, New York, for Appellant.

Sean Haran, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN,[1] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on October 21, 2002, is AFFIRMED.

Defendant–Appellant David Brown, who pleaded guilty on March 20, 2002, to attempted reentry into the United States after deportation following conviction for an aggravated felony, *see* 8 U.S.C. § 1326(a), (b)(2), now appeals from that part of his judgment of conviction sentencing him to 77 months' incarceration. Specifically, Brown challenges a sixteen-level enhancement applied to the calculation of his Sentencing Guideline range pursuant to U.S.S.G. § 2L1.2(b)(1)(A). We assume familiarity with the facts relevant to the appeal.

Sentencing Guideline § 2L1.2 provides that a defendant convicted of unlawful reentry after deportation for an aggravated felony shall receive a sixteen-point enhancement to his base offense level if he was previously convicted of "a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). Application Note 1 to this guideline defines "drug trafficking offense" to include "an offense under federal, state, or local law that prohibits the . . . distribution . . . of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute." *Id.* § 2L1.2, Application Note 1(B)(iv). Here, the district court imposed the challenged enhancement based upon Brown's September 10, 1993 New York State conviction for Criminal Possession of a Controlled Substance in the Third Degree, *see* N.Y. Penal Law § 220.16, an offense for which Brown was sentenced to one-to-three years' imprisonment.

Brown concedes his § 220.16 conviction and receipt of a sentence exceeding 13 months. He asserts, however, that because the evidence before the district court did not specify the subsection of § 220.16 under which he was convicted, and because intent to distribute is not an element of every subsection of § 220.16, *see generally United States v. Ramirez*, 344 F.3d 247, 253–54 (2d Cir.2003), the district court erred in concluding that his § 220.16 conviction was a "drug trafficking offense." Rather, Brown submits, the court should have concluded that his prior conviction was merely for simple possession, an aggravated felony for which he would have received only an eight-level enhancement. We are unpersuaded.

An addendum to the presentence report, which was presented to the district court, verifies that the New York State indictment underlying Brown's September 10, 1993 conviction charged Brown with violating § 220.16 by "knowingly and unlawfully possess[ing] a narcotic drug, to wit, cocaine, with intent to sell the same." Although Brown complains that no copy of this indictment was actually put before the district court, it does not appear that Brown raised any challenge to the accuracy of this information in the district court. Given that Brown admits to having pleaded guilty to violating § 220.16, and that the only § 220.16 charge in the indictment involved an intent to distribute, the district court did not err in concluding that Brown's prior conviction was a "drug traf-

---

1. The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

ficking offense." *See United States v. King,* 325 F.3d 110, 114 (2d Cir.2003).

Accordingly, we conclude that Brown properly received the 16–point enhancement to his guideline calculation and hereby AFFIRM the judgment of conviction.