United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-30389

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARVIS D. WINBUSH,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before GARWOOD, JONES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Following a plea agreement that resulted in his conviction of possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1), Jarvis Winbush ("Winbush") appeals from his enhanced sentence pursuant to 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA"). The central issue on appeal is whether the district court erred in classifying as a "serious drug offense" Winbush's prior conviction of <u>attempted</u> possession of cocaine with intent to distribute, on the basis that the conviction does not fall within the meaning of § 924(e)(2)(A)(ii). Because we find no error in the

district court's enhancement of Winbush's sentence, the judgment rendering the sentence is hereby AFFIRMED.

## BACKGROUND

While Winbush was on parole for a prior felony offense, Louisiana state probation and parole officers received a tip that Winbush was in possession of a firearm in contravention of his parole and his status as an ex-felon. An unannounced search of Winbush's residence uncovered illegal narcotics, to wit cocaine, and a .380 caliber handgun. Winbush was arrested and charged with being a felon in possession of a firearm and possession of a controlled substance with intent to distribute. He subsequently entered a plea of guilty to the charge of being a felon in possession of a firearm.

Winbush's Presentence Investigation Report ("PSR") determined that his base offense level was 25 because of his two prior felony drug convictions. Three additional points were added to Winbush's base offense level because Winbush was found in possession of a firearm and a controlled substance. Notwithstanding, three points were subtracted because he accepted responsibility, resulting in a total offense level of 25. Because Winbush had been convicted of three prior felony offenses, all within the meaning § 924(e), the PSR also determined he was classified as an armed career criminal pursuant to the ACCA. As a result, Winbush's offense level was enhanced to a level of 34 pursuant to 18 U.S.C. § 4B1.4(b)(3)(A) of the Federal Sentencing Guidelines ("the guidelines"). Three points were again subtracted because Winbush had accepted responsibility; leaving him with a total offense level of 31. Based on this offense level, the guidelines prescribed a range of imprisonment from 188 to 235 months, and at least three to five years of supervised released. Winbush objected to the PSR contending that his conviction for attempted possession of cocaine with intent to distribute did not fall within the meaning of § 924(e).

2

At the sentencing hearing, the district court adopted the findings and recommendations of the PSR, and thereby, determined that Winbush was subject to an enhanced sentence pursuant to § 924(e) because of his three Louisiana felony convictions: (1) illegal discharge of a weapon; (2) possession of cocaine with intent to distribute; and (3) attempted possession of cocaine with intent to distribute.[1] Pursuant to § 924(e), the district court classified the discharge of a weapon charge as a violent felony, and the two drug charges as "serious drug offenses."

Winbush again objected to the court's classification of his conviction of the inchoate crime, contending that attempted possession with intent to distribute did not qualify as a "serious drug offense" as defined under § 924(e)(2)(A)(ii). The district court, relying on a D.C. Circuit case proffered by the Government, United States v. Alexander,[2] overruled Winbush's objection and sentenced him to 188 months imprisonment. A final judgment executing the sentence was entered on April 6, 2004. This appeal by Winbush ensued.

## DISCUSSION

The sole issue before us is whether a Louisiana conviction of the inchoate crime of attempted possession of cocaine with intent to distribute can be construed as a "serious drug offense," as defined under § 924(e).[3] This matter is one of first impression in this circuit; therefore, we proceed accordingly.

---

[1] Winbush was convicted of the Louisiana charge of attempted possession of cocaine with intent to distribute on January 9, 1998, and was convicted of the Louisiana charge of possession of cocaine with intent to distribute on July 27, 1998. Both felony drug offenses classified as "controlled substance offenses" under 18 U.S.C. § 4B1.2(b).

[2] 331F.3d 116 (D.C. Cir. 2003).

[3] It is undisputed that Winbush's other felony convictions fall within the purview of § 924(e).

3

A district court's imposition of a sentence under the Federal Sentencing Guidelines will be upheld on review unless it is shown that the sentence was "imposed in violation of the law; as a result of an incorrect application of the sentencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable." United States v. Waskom, 179 F.2d 303, 307 (5th Cir. 1999) (citation omitted). Review of a district court's application of the Federal Sentencing Guidelines is de novo, United States v. Mitchell, 166 F.3d 748, 751 (5th Cir. 1999), and that court's factual findings are reviewed for clear error, United States v. Goynes, 175 F.3d 350, 353 (5th Cir. 1999). Because this appeal challenges only the district court's application of the sentencing guidelines, our review of this matter is de novo. See United States v. Martinez, 954 F.2d 1050, 1051 n.1 (5th Cir. 1992).

Title 18 of the United States Code, § 922, prescribes a fifteen-year minimum prison term for defendants found in violation of § 922(g)(1),[4] but only if the violating defendant has been previously convicted of three other "violent felonies," "serious drug offenses," or a combination of both, as construed under § 924(e). See Martinez, 954 F.2d at 1051. Our evaluation of this issue, thus, must begin with § 924(e)(1), which states that,

---

[4] § 922(g)(1) states in pertinent part,

(g) [i]t shall be unlawful for any person--

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

    . . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

See United States v. Montgomery, 2005 WL 469607, *2 (5th Cir. 2005). The relevant definition for a "serious drug offense" is defined as,

an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added); see also United States v. Hinojosa, 349 F.3d 200, 204 (5th Cir. 2003).

First, it is undisputed that the Louisiana offense of attempted possession of cocaine with intent to distribute, for which Winbush was convicted, carries a maximum term of imprisonment that exceeds tens years. See LA. REV. STAT. 14:27(D)(3), 40:967(B)(4)(b). As stated, Winbush is seeking solely to challenge the district court's interpretation of the statute's definition of a "serious drug offense" as it relates to his conviction for that inchoate crime. Accordingly, Winbush argues that because the statute does not expressly provide for punishment of attempted drug offenses, specifically with regard to possession with intent to distribute, the district court's interpretation of the provisions under § 924(e) including that offense was in error. He contends that the district court's error was in using a crime not specifically listed under the statute to enhance his sentence. To support his claim, Winbush cites United States v. Martinez. 954 F.2d 1050 (5th Cir. 1992) (addressing enhancement for prior convictions of "violent felonies," not "serious drug offenses"). In Martinez, we held that

a "violent felony" conviction as defined under § 924(e)(2)(B)[5] was not inclusive of the offense of attempted burglary on the basis that the inchoate crime of attempted burglary was not equivalent to a conviction of burglary. Id. at 1052-54. Part of our rationale was that under the specific provision of § 924(e)(2)(B)(ii), Congress had not expressly provided that attempted burglary was included in the statute's definition of "violent felony." Id.; see also 18 U.S.C. § 924(e)(2)(B)(ii) (stating that a violent felony "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another").

In reliance on Martinez, Winbush further argues that attempted possession of cocaine with intent to distribute should not be deemed a "serious drug offense" since it was not actually a completed offense. Winbush's rationale is that he was not found guilty of a completed "serious drug offense," within the meaning of § 924(e)(2)(A)(ii); therefore, his conviction for the inchoate crime should not count toward his enhancement.

Confronting this very issue on prior occasions, two of our sister circuits have rejected these very arguments. See United States v. King, 325 F.3d 110, 113-14 (2d Cir.), cert.denied, 540 U.S. 920 (2003); and Alexander, 331 F.3d 116 (D.C. Cir.), supra, (adopting the holding in King). The Government's sole contention in rebuttal is that we adopt these holdings because they distinguish between crimes involving "serious drug offenses" and those that constitute a "violent felony."

---

[5] Section 924(e)(2)(B) defines the term "violent felony" as:

. . . any crime punishable by imprisonment for a term exceeding one year, . . . that--
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
. . . .

In King, a defendant argued, as Winbush does here, that his prior state felony convictions of attempted possession of a controlled substance did not constitute a "serious drug offense" within the meaning of § 924(e). Id. at 113. The defendant in King reasoned that because § 924(e)(2)(A) did not expressly provide for use of convictions of attempted drug offenses to enhance a defendant's sentence, the district court's use thereof was necessarily improper.

The Second Circuit, taking a more expansive reading of § 924(e)(2)(A)'s use of the word "involving," rejected defendant King's argument regarding the statute's lack of an express provision as to inchoate drug offenses. Id. at 113-14. The court concluded that based on the word "involving," § 924(e)(2)(A) indeed encompassed attempted drug offenses, if the offense carried a prison sentence with a term of ten years or more. Id. The court stated,

> [t]he word "involving" has expansive connotations, and we think it must be construed as extending the focus of § 924(e) beyond the precise offenses of distributing, manufacturing, or possessing, and as encompassing as well offenses that are related to or connected with such conduct. Accord United States v. Brandon, 247 F.3d 186, 190 (4th Cir. 2001) ("the word 'involving' itself suggests that the subsection should be read expansively"); cf. United States v. James, 834 F.2d 92, 93 (4th Cir. 1987) ("[V]iolations 'involving' the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves.") (discussing 18 U.S.C. § 924(c) (Supp. IV 1986) (referring to "violations . . . involving the distribution, manufacture, or importation of any controlled substance"), amended by 18 U.S.C. § 924(c) (1988)).

Id. at 113. The King court based its interpretation on the Supreme Court's holding in United States v. Taylor. 495 U.S. 575 (1990), which, in part, contrasted statutory definitions that used the word "involving" with those that did not. See King, 325 F.3d at 113-14.

The D.C. Circuit, faced with the exact conflict presented in both this case and King, adopted the holding in King. See Alexander, 331 F.3d at 131. The defendant in Alexander argued, as does Winbush, that Congress did not intend for attempted drug offenses to fall within the statute's

7

definition of "serious drug offense" because it did not expressly provide for attempted offenses as it did in its definition of a "violent felony." Id. In rejecting the defendant's argument, the Alexander court stated,

> the Congress defined the terms "violent felony" and "serious drug offense" in decidedly different manners. Unlike the definition of "violent felony," the definition of "serious drug offense" does not speak in specifics; instead, it defines the term to include an entire class of state offenses "involving" certain activities, namely, "manufacturing, distributing, or possessing with intent to manufacture or distribute" a controlled substance.

Id. The Alexander court, focusing on the plain meaning of the word "involving," concluded that Congress intended § 924(e) to include other drug offenses involving the "manufacturing, distributing, or possessing with intent to manufacture or distribute" controlled substances, if the offense carried a term of imprisonment of ten years or more. Id.

Because we conclude that the plain meaning of § 924(e)(2)(A)(ii) is unambiguous, and that the term "involving" clearly suggests that Congress intended to include other drug offenses, in addition to those already enumerated, we hereby adopt the holdings of our sister circuits in King and Alexander. We reject Winbush's effort to analogize our holding in Martinez to the issues in this case. The analysis of what constitutes a violent felony is different from what constitutes a serious drug offense. Accordingly, we reject Winbush's argument that a conviction of an inchoate offense such as his attempted possession of cocaine with intent to distribute conviction, is not a "serious drug offense" within the meaning of § 924(e).

## CONCLUSION

For the foregoing reasons, we hold that the district court properly applied the guidelines when it determined that the inchoate offense of attempted possession of cocaine with intent to distribute

8

was a "serious drug offense" within the statutory meaning of § 924(e). Accordingly, the district court's judgment of conviction sentencing Winbush to 188 months imprisonment is hereby AFFIRMED.