# United States Court of Appeals
## For the First Circuit

No. 05-2137

UNITED STATES OF AMERICA,

Appellee,

v.

SHAH MCKENNEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Lynch, and Lipez, Circuit Judges.

Edward C. Roy, Jr., Assistant Federal Public Defender, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, were on brief, for appellee.

June 8, 2006

**LYNCH**, <u>Circuit Judge</u>. Shah McKenney pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced under the Armed Career Criminal Act (ACCA), <u>id.</u> § 924(e), to the minimum sentence of fifteen years. His sentencing appeal raises two issues. The first is whether a state conviction for conspiracy to violate a state controlled substances law by agreeing to possess with intent to deliver cocaine is a conviction for an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is therefore a "serious drug offense" within the meaning of the ACCA, <u>id.</u> § 924(e)(2)(A)(ii). This question is a novel one in this circuit, but ultimately not a difficult one, and we answer it in the affirmative. McKenney's other challenge is based on a constitutional argument that this court has already rejected. We affirm.

I.

McKenney was federally indicted in January 2005 under 18 U.S.C. § 922(g)(1) on one count of being a felon in possession of a firearm. A month later, the government filed an information under the ACCA alleging that McKenney previously had been convicted in Rhode Island of three serious drug offenses. The first and third convictions, one in 1999 and one in 2001, were for the manufacture and delivery of a controlled substance. The second, in

-2-

1999, was for <u>conspiracy</u> to violate the state controlled substances act.[1]  The government alleged that each offense was punishable by imprisonment for a term exceeding ten years, and that McKenney's sentence for each had been at least ten years (mostly suspended).

McKenney challenges only the use of the second offense as a predicate offense under the ACCA.[2]  We describe that offense briefly.  McKenney was convicted under R.I. Gen. Laws § 21-28-4.08, which makes it a crime to conspire to violate any provision of the state controlled substances act.  A person who conspires to violate that act is subject to the same punishment as that prescribed for the substantive offense he or she conspired to commit.  <u>Id.</u>  Here, that substantive offense was "possess[ion] with intent to manufacture or deliver a controlled substance."  <u>Id.</u> § 21-28-4.01(a)(1).  At the state court plea hearing at which

---

[1] Although the first and second convictions were on the same date, the underlying offenses occurred on different dates.

[2] In the plea agreement and at the hearing during which McKenney ultimately pled guilty to the felon-in-possession count, McKenney indicated that he understood that if he were found to be an armed career criminal under the ACCA, his sentence would be at least fifteen years and could go as high as life.  The Presentence Investigation Report (PSR) took the position that the ACCA sentencing range applied.  McKenney objected to the PSR, arguing that the 1999 conspiracy conviction did not qualify as a "serious drug offense" under the ACCA and that the government was required, but had failed, to prove all sentence-enhancing elements beyond a reasonable doubt.  At sentencing, the district court found that McKenney was an armed career criminal.  The court further found that the Guidelines range would have been 168 to 210 months, but that, in light of the ACCA's mandatory minimum, the range was 180 to 210 months.  It imposed a sentence of 180 months (fifteen years) of imprisonment.

-3-

McKenney pled nolo contendere to, inter alia, the conspiracy offense, the prosecutor stated with respect to the conspiracy count that "McKenney, along with [two others] . . . did unlawfully conspire to violate the Rhode Island Uniform Controlled Substance Act by agreeing to possess, with intent to deliver, an amount of cocaine."[3]  The transcript shows that McKenney admitted that those facts, as stated by the prosecutor, were true.  This offense was punishable by a maximum term exceeding ten years.[4]

McKenney's argument is based on the fact that under Rhode Island law, a defendant may be guilty under § 21-28-4.08 without having committed an overt act.[5]  From this, McKenney appears to

_____

[3] The prosecutor's version was nearly a verbatim reading of the information, which had charged that McKenney and two others "did unlawfully conspire to violate the Rhode Island Uniform Controlled Substances Act by agreeing to possess with intent to deliver a controlled substance to wit, Cocaine."

[4] Violations involving cocaine, a schedule II substance under Rhode Island law, see R.I. Gen. Laws § 21-28-2.08, may be punished by imprisonment for "not more than thirty (30) years," except that "[a]ny person who is not a drug addicted person . . . may be imprisoned [for] a term up to life," id. § 21-28-4.01(a)(2), (a)(4)(i).

[5] In State v. Disla, 874 A.2d 190 (R.I. 2005), a case involving a conspiracy charge under § 21-28-4.08, the Rhode Island Supreme Court applied the common law rule that "[c]onspiracy is an agreement by two or more persons to commit an unlawful act or to perform a lawful act for an unlawful purpose," and that "[o]nce an agreement has been made, no further action in furtherance of the conspiracy is necessary to find a defendant guilty of the crime of conspiracy."  Id. at 196-97 (internal quotation marks omitted) (quoting State v. Lassiter, 836 A.2d 1096, 1104 (R.I. 2003)); see also State v. Mendoza, 889 A.2d 153, 160 (R.I. 2005) (section 21-28-4.08 case applying "the common law formulation of conspiracy"); State v. LaPlume, 375 A.2d 938, 941 (R.I. 1977)

-4-

argue two positions, somewhat at odds with each other. The first is that unless the drug conspiracy conviction itself requires an overt act, the ACCA definition is not met. The second is that any old overt act in furtherance of the conspiracy will not do: it must be an overt act of "manufacturing, distributing, or possessing with intent to manufacture or distribute" the drugs. We reject both arguments as inconsistent with the text and structure of the ACCA definition of a "serious drug offense," 18 U.S.C. § 924(e)(2)(A)(ii).

McKenney argues that his conspiracy conviction does not constitute a "serious drug offense" under the ACCA, because he did not admit, and the Rhode Island court did not find, that he actually possessed cocaine with intent to distribute it; and that the mere fact that he "agreed" to possess with intent to deliver cocaine is not enough to make his offense one "involving" possession with intent to distribute.[6] McKenney preserved his argument, which is a legal one; we review it de novo. United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002). We conclude that

---

(holding that the common law crime of conspiracy is complete upon the entry into an unlawful agreement, and that there is no requirement "that any overt acts have been committed in execution of the unlawful agreement").

[6] The government does not argue that McKenney did in fact possess cocaine with intent to deliver.

-5-

McKenney's interpretation is too narrow. The conspiracy, as indicted and admitted, was enough under the ACCA.[7]

## II.

A.          <u>Drug Conspiracy Conviction as an ACCA Predicate Offense</u>

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for serious drug offenses committed on separate occasions "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The definition of "serious drug offense" has two parts -- one for offenses under federal law, <u>id.</u> § 924(e)(2)(A)(i), and one for offenses under state law, <u>id.</u> § 924(e)(2)(A)(ii) -- the latter of which is relevant here: "[T]he term 'serious drug offense' means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." <u>Id.</u>

The starting point is, of course, the text of the statute. Congress used the term "involving" the manufacture, distribution, or possession of, with intent to distribute, a controlled substance. By using "involving," Congress captured more offenses than just those that "are in fact" the manufacture,

_____

[7] This court previously stated in passing, where the defendant did not argue otherwise, that a state conviction for conspiracy to distribute a controlled substance was "clearly [an] ACCA offense." <u>United States</u> v. <u>Craveiro</u>, 907 F.2d 260, 262 (1st Cir. 1990).

-6-

distribution, or possession of, with intent to distribute, a controlled substance.

McKenney's argument effectively amounts to defining the statutory term "involv[es]" as meaning "has as an element."[8] McKenney's first resort is to the dictionary and to what he says is the "common meaning" of the word "involve": to "include" or to "contain as a part." This narrow definition of "involve" is certainly one found in dictionaries. See, e.g., The American Heritage Dictionary 921 (4th ed. 2000) (to "contain as a part; include"); Webster's Third New International Dictionary 1191 (1993) (to "have within or as part of itself," "contain," or "include").

That is not, however, the only definition. To "involve" also means "to relate closely," Webster's, supra, at 1191, or to "connect closely," American Heritage, supra, at 921. This broader definition is more consistent with the "natural reading of the text." Dodd v. United States, 125 S. Ct. 2478, 2482 (2005); see also id. (citing Webster's). McKenney's argument requires, to say the least, an awkward and unusual construction of the text to mean that a conspiracy to possess with intent to distribute does not

---

[8] Arguably, McKenney's approach equates "involv[es]" with "actually entails in the particular case," rather than with "has as an element in all cases" as a matter of state law. Either way, we reject a requirement of actual possession with intent to distribute, which is the primary focus of McKenney's argument. We also reject a requirement of any overt act (whether or not that act is actual possession), to the extent McKenney takes that position. As we explain in the text, the conspiracy standing alone was sufficient.

"involve" possession with intent to distribute. Conspiracies "involve" their objects, as that term is used in common parlance.

The government argues that the ACCA's structure reflects Congress' intent that, in 18 U.S.C. § 924(e)(2)(A)(ii), "involv[es]" mean something other than -- broader than -- "is" or "has as an element." In particular, the government observes, Congress defined the "violent felony" category of ACCA predicate offenses using language that distinguishes between "involves" and "is" or "has as an element." See id. § 924(e)(1) (a "violent felony" is a predicate offense); id. § 924(e)(2)(B) (defining "violent felony" as any crime carrying certain penalties which "<u>has as an element</u> the use, attempted use, or threatened use of physical force against the person of another" or "<u>is</u> burglary, arson, or extortion, <u>involves</u> use of explosives, or otherwise <u>involves</u> conduct that presents a serious potential risk of physical injury to another") (emphases added); <u>see</u> <u>also</u> <u>Taylor</u> v. <u>United States</u>, 495 U.S. 575, 600 (1990) (distinguishing between a crime "that 'has as an element'" a given characteristic and one "that, in a particular case, involves" that characteristic). The government argues that this indicates that Congress likewise intended the word "involv[es]" in the "serious drug offense" category, which is codified in the very same statutory subsection, to mean something broader than "is" or "has as an element." <u>See</u> <u>Bennett</u> v. <u>City of Holyoke</u>, 362 F.3d 1, 10 (1st Cir. 2004) (reading statute as a whole

-8-

and noting that subsection's "overall structure indicates the drafters' intent"). Indeed, the Fourth Circuit in United States v. Brandon, 247 F.3d 186 (4th Cir. 2001), declined to interpret "involving" in the "serious drug offense" provision as meaning "has as an element," and instead noted that the statutory "subsection should be read expansively." Id. at 190. We agree.

Three of our sister circuits have reached, in the closely analogous context of the inchoate crime of attempt, the same conclusion as we do. In each case, the circuit court held that attempted possession with intent to distribute does "involve" possession with intent to distribute and therefore qualifies as a "serious drug offense" under the ACCA. See United States v. Winbush, 407 F.3d 703, 708 (5th Cir. 2005); United States v. Alexander, 331 F.3d 116, 131 (D.C. Cir. 2003); United States v. King, 325 F.3d 110, 114-15 (2d Cir. 2003).

We agree with the Second Circuit's analysis that "[t]he word 'involving' has expansive connotations, and . . . it must be construed as extending the focus of § 924(e) beyond the precise offenses of distributing, manufacturing, or possessing, and as encompassing as well offenses that are related to or connected with such conduct." King, 325 F.3d at 113. Also instructive is the D.C. Circuit's criticism of the narrow construction of "involving" proposed by a defendant convicted of an inchoate crime. That court observed that if it were to adopt the narrow proposed reading, "the

term 'involving' would be rendered meaningless -- distribution alone would qualify as a crime 'involving' distribution and possession with intent to distribute alone would qualify as a crime 'involving' possession with intent to distribute." Alexander, 331 F.3d at 131 (some internal quotation marks omitted) (quoting United States v. Contreras, 895 F.2d 1241, 1244 (9th Cir. 1990)).

We add, in response to McKenney's argument that an overt act in the state predicate conviction is necessary under the ACCA, that exempting McKenney from application of the ACCA simply because his state conspiracy offense may not necessarily entail an overt act would produce an anomaly: Under federal drug conspiracy law, an overt act is not required, see United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005), but even so, a person "who attempts or conspires to commit" a federal controlled substance offense "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy," 21 U.S.C. § 846. The ACCA, in turn, treats as a "serious drug offense" any "offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). Congress considers the inchoate offenses of attempt and conspiracy, even conspiracy without an overt act, to be just as serious as the federal substantive drug offenses which they contemplate. We doubt that Congress, which

-10-

used the broad word "involving," intended different treatment for drug conspiracies prosecuted under state law. See King, 325 F.3d at 115 (noting that "any attempt to commit a substantive federal offense falling within § 924(e)'s definition of 'serious drug offense' is likewise a serious drug offense" and that Congress likely intended the same result as to attempts under state law).

McKenney, in reply, suggests there is a circuit conflict, pointing to Brandon, which he says supports his construction of the ACCA. In Brandon, the defendant had previously pled guilty to a charge of possessing between twenty-eight and two hundred grams of cocaine, and the question was whether that conviction under state law qualified as a predicate offense under the ACCA. 247 F.3d at 188. The Fourth Circuit determined that it did not. Id. at 196-97.

McKenney's reliance on Brandon is misplaced. Brandon simply held that intent to manufacture or distribute, which the government did not dispute was a requirement for ACCA predicate offenses based on possession, was missing. The Fourth Circuit held that where the state predicate offense may have involved only possession of twenty-eight grams of cocaine, it was not inherent in that offense that there was an intent to manufacture or distribute, as required by the ACCA. Id. at 196-97.

By contrast, in McKenney's case, there is no question that the possession at the heart of the conspiracy was possession

-11-

with intent to distribute.  That is the charge to which McKenney pled.  In short, <u>Brandon</u> dealt with whether an undisputed statutory requirement was adequately proven.  McKenney's case turns on the different statutory issue of whether a conviction for actual possession with intent to distribute (or perhaps any overt act) is a statutory ACCA requirement.

McKenney appears to argue that <u>Brandon</u> created an overt act requirement.  He is misreading the decision.  <u>Brandon</u> dealt with a guilty plea to actual possession, <u>id.</u> at 188, and the question of whether a conspiracy without an overt act qualifies under the ACCA simply was not raised.  The language from <u>Brandon</u> which McKenney cites is this: "Congress intended the sentencing enhancements of section 924 to apply to those who have engaged in certain specific conduct, regardless of the label attached to that conduct by state law[.]"  <u>Id.</u> at 196.  The court was simply discussing the principle of <u>Taylor</u> that "'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."[9]  495 U.S. at 592.

---

[9] McKenney's situation does not raise any concern about a disparity arising from a state statute's label, the conduct actually covered by the statute, and the offenses covered by the ACCA.  <u>Cf. Shepard</u> v. <u>United States</u>, 544 U.S. 13, 16, 26 (2005) (setting limits on what a court may consider in determining whether a prior offense qualifies as an ACCA predicate offense); <u>Taylor</u>, 495 U.S. at 602 (same).  As for what is an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," <u>Shepard</u> and <u>Taylor</u> simply do not define that category or construe it as having an overt act requirement; they deal with the meaning

-12-

We add one observation: while the term "involving" under 18 U.S.C. § 924(e)(2)(A)(ii) is not to be too narrowly read, it also is not to be too broadly read. Not all offenses bearing any sort of relationship with drug manufacturing, distribution, or possession with intent to manufacture or distribute will qualify as predicate offenses under the ACCA. The relationship must not be too remote or tangential. We need not decide today where the line is; we hold only that the relationship between the inchoate offense of conspiracy and its object -- its entire purpose -- is plainly close enough that a conspiracy to possess with intent to distribute is, under the ACCA, an offense "involving . . . possessing with intent to . . . distribute." Cf. United States v. Fiore, 983 F.2d 1, 3-4 & n.4 (1st Cir. 1992) (holding that under the federal sentencing guidelines, conspiracy offenses can be predicate offenses, even without overt acts); United States v. Hawkins, 139 F.3d 29, 34 (1st Cir. 1998) (applying Fiore holding to conclude that conspiracy to commit armed robbery was a "violent felony" predicate offense under the ACCA).

B.     Constitutional Challenge

McKenney's other argument is that the Fifth and Sixth Amendments were violated because the indictment neither alleged a violation of 18 U.S.C. § 924(e) nor alleged three prior convictions, and because he did not admit, and a jury did not find

of "burglary," another type of predicate offense under the ACCA.

-13-

beyond a reasonable doubt, that the ACCA's sentence enhancement applied.  We review the issue de novo.

The challenge, which McKenney forthrightly admits is foreclosed under current law, merits little discussion.  The Supreme Court has rejected the argument that under the Constitution, recidivism must be treated as an element of the offense, included in the indictment, and proved to a jury beyond a reasonable doubt.  Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998).  Ever since, we have rejected arguments like McKenney's.  See Moore, 286 F.3d at 51; see also United States v. Ivery, 427 F.3d 69, 75 (1st Cir. 2005) (post-dating Shepard v. United States, 544 U.S. 13 (2005), and United States v. Booker, 543 U.S. 220 (2005), and holding that "Almendarez-Torres remains binding law").

III.

McKenney's sentence is affirmed.