08-1767-pr
Felder v. Filion

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

### S U M M A R Y   O R D E R

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March two thousand ten.

Present:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
                              Circuit Judges,
           RICHARD K. EATON,
                              Judge[*].

_____

DANIEL FELDER,

                              Plaintiff-Appellant,

                    - v. -                          No. 08-1767-pr

GARY FILION, Superintendent, HUMPHRY, Sergeant, LAMAR, C.O., B. LIFFORD, C.O.,

                              Defendants-Appellees.

_____

For Appellant:      Daniel Felder, pro se, Warwick, N.Y.

For Appellees:      David M. Finkelstein, Ass't Sol. Gen., Albany, N.Y. (Andrew M. Cuomo, Att'y Gen. of the State of New York, Barbara D. Underwood, Sol. Gen., Andrea Oser, Dep'y Sol. Gen., Albany, N.Y., of counsel).

_____

[*]    Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Northern District of New York.

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was submitted by plaintiff pro se and by counsel for defendants.

ON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff pro se Daniel Felder, a New York State prisoner who was represented by counsel at trial, appeals from a judgment of the United States District Court for the Northern District of New York entered following a jury trial before Randolph F. Treece, Magistrate Judge, on Felder's claim against defendant Humphry, a corrections Sergeant, for retaliation in violation of Felder's First Amendment right to file grievances. At the trial, conducted before the magistrate judge on consent of the parties, the jury returned a verdict in favor of Humphry. Prior to trial, the district court, David N. Hurd, District Judge, had granted partial summary judgment, dismissing all claims asserted by Felder against defendants Gary Filion, Lamar, and B. Lifford. On appeal, Felder argues that the district court erred in granting partial summary judgment; that at trial the court erred in admitting a certain document into evidence without allowing him to testify that the document was not a grievance; and that the jury's verdict was against the preponderance of the evidence. For the reasons that follow, we reject Felder's contentions. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Preliminarily, we note that although the notice of appeal originally filed by Felder stated only that it was a "notice of appeal from [the] verdict rendered against him in the above caption [sic] matter by jury" at "[t]he trial . . . against Lieutenant [sic] Richard Humphrey [sic]," Felder also filed in the district court a motion for permission to appeal from the court's pretrial rulings granting summary judgment in favor of Filion, Lamar, and Lifford. As a final judgment had been entered and the motion was filed before the deadline for appeal from the judgment, Felder did not require permission to seek appellate review of the summary judgment rulings, and we exercise our discretion to treat his motion for permission to appeal as an amended notice of appeal that expanded the scope of his appeal to encompass the specified pretrial rulings. Cf. Smith v. Barry, 502 U.S. 244, 245 (1992) ("a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3"); id. at 248 ("[W]hen papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)).

With respect to the merits of the summary judgment rulings, we review the district court's decisions de novo in order to determine whether the court properly concluded that there were no genuine issues of material fact to be tried and that the moving parties were entitled to judgment as a matter of law. See, e.g., Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.), cert. denied, 540 U.S. 823 (2003). In determining whether there were genuine issues of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment was sought. See, e.g., Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003).

In challenging the granting of summary judgment, Felder contends principally that the district court improperly failed to consider his Eighth Amendment claims that Lifford confiscated his eyeglasses and verbally threatened him. The district court ruled that these claims were not properly before the court. "Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court," ACEquip Ltd. v. American Engineering Corp., 315 F.3d 151, 155 (2d Cir. 2003), and we conclude that, even if these claims were properly before the district court, they were meritless.

In order to substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). Such a claim has both objective and subjective elements. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted); see, e.g., Koehl v. Dalsheim, 85 F.3d 86, 87-88 (2d Cir. 1996) (plaintiff sufficiently stated an Eighth Amendment claim where he alleged that his glasses were necessary to ameliorate double vision and a loss of depth perception resulting from a head injury, and that the confiscation of his glasses resulted in a loss of vision, headaches, and injuries from falling or walking into objects). "Subjectively, the charged official must act with a sufficiently culpable state of mind," meaning "something more than mere negligence," and akin to criminal recklessness. Hathaway v. Coughlin, 99 F.3d at 553 (internal quotation marks omitted). "[E]vidence that the risk was obvious or otherwise must have been known to a defendant is sufficient to permit a jury to conclude that the defendant was actually aware of it." Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003).

Here, Felder failed to produce evidence from which a reasonable jury could conclude that either the objective or the subjective element was present. He did not produce evidence demonstrating that the deprivation of his eyeglasses caused him harm sufficiently serious to meet the above standard. Nor, since he states only that he told Lifford that he needed his glasses, and does not indicate

that he had any further communication with Lifford about the glasses, did he demonstrate that Lifford was aware of any substantial risk of serious harm.

The allegation that Lifford threatened Felder verbally was not a sufficient basis for a claim of Eighth Amendment violation because Felder did not present evidence of any injury resulting from those threats. See Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Insofar as Felder challenges the granting of summary judgment in favor of Filion and Lamar, or in favor of Lifford as to claims other than the above Eighth Amendment claims, his brief on appeal shows no basis for reversal. He argues that

> [i]t was an error on the lower court to grant summary
> judgment for the defendant[]s Mary Lamar, Brian Lifford,
> and Gary Fil[]ion, because as the original complaint shows
> that each of these defendant[]s violated plaintiff's
> constitutional right, whether on a micro or macro level,
> and this honorable court will be able to determine that
> from the record. ([]see original complaint.) It doesn't
> take sifting through the record with a fine tooth comb to
> see these violations. All it takes is common sense of the
> applicable standards of law from the legal minds, held to
> uphold the honor and integrity of the constitution.

As Felder's brief on appeal has pointed not to any evidence but only to his own pleading, we cannot conclude that the district court erred in finding that there was no genuine issue of material fact to be tried as to these claims.

With respect to the conduct of the trial on Felder's claim against Humphry for alleged retaliation in violation of Felder's First Amendment right to file grievances, Felder contends that the court erred in admitting a document "to impeach the plaintiff's testimony that he never filed grievances after he filed his last grievance in Coxsackie" without affording him the opportunity to testify that the document was "not . . . a grievance." A trial court's evidentiary rulings are reviewed only for abuse of discretion, see, e.g., United States v. King, 325 F.3d 110, 115 (2d Cir.), cert. denied, 540 U.S. 920 (2003); United States v. Khalil, 214 F.3d 111, 122 (2d Cir.), cert. denied, 531 U.S. 937 (2000); In re Martin-Trigona, 760 F.2d 1334, 1344 (2d Cir. 1985) (evidentiary rulings are generally not to be disturbed unless "'manifestly erroneous'" (quoting Salem v. United States Lines Co., 370 U.S. 31, 35 (1962)), and even an erroneous ruling is not ground for ordering a new trial or setting aside a jury verdict "[u]nless justice [so] requires," Fed. R. Civ. P. 61. We see no basis for such relief here.

The document in question was an October 10, 2006 letter from Felder to the Department of Correctional Services Inspector General "RE: STAFF UNPROFESSIONAL CONDUCT/ HARASSMENT." Felder does not

contest the authenticity of the document, describing it, in a supplemental submission to this Court, as "a letter that I wrote to the inspector generals [<u>sic</u>] office in Albany"; but he contends that he should have been allowed to testify that the document was not a grievance. We are unpersuaded. In the letter, after identifying himself as an inmate and law library worker at the Greenhaven Correctional Facility, Felder stated, <u>inter alia</u>: "my programming is being stifled for an apparent reason that I can't fully explain"; "[a]ccording to the 1st Amendment of the [U]nited States, <u>I have a constitutional right to voice my grievance to you</u> in a professional manner, not being afraid of any adverse action"; and "<u>[p]lease note that this grievance is a formal complaint</u> and preliminary letter to file suit with the Southern District Court of the United States for injunctive relief." (Emphases added.) The letter speaks for itself, and we see no error or injustice in the trial court's admission of the document without explanatory testimony.

Finally, Felder argues in his brief on appeal that "the jury err[ed] in voting in favor of the defendant," in light of the "propanderance [<u>sic</u>] of the evidence." The weight of the evidence, however, is a jury argument, not a ground for reversal on appeal. <u>See</u>, <u>e.g.</u>, <u>Ceraso v. Motiva Enterprises, LLC</u>, 326 F.3d 303, 316-17 (2d Cir. 2003); <u>Schwartz v. Capital Liquidators, Inc.</u>, 984 F.2d 53, 54 (2d Cir. 1993).

We have considered all of Felder's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court