In the

# United States Court of Appeals

### For the Seventh Circuit

No. 18-2905

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TOM SMITH, III, also known as THOMAS SMITH, III,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 17-cr-00072 — **Sarah Evans Barker**, *Judge.*

ARGUED MARCH 25, 2019 — DECIDED APRIL 22, 2019

Before WOOD, *Chief Judge*, and FLAUM and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. Tom Smith, III appeals the district court's determination that he is a career offender under § 4B1.1 of the United States Sentencing Guidelines, and is eligible for the corresponding career-offender sentencing enhancement. The district court applied the enhancement after concluding that Smith had two prior convictions that qualified as controlled substance offenses under § 4B1.2(b) of the

Guidelines. Smith maintains that one of those convictions—
the one under Indiana's "Dealing in cocaine or narcotic drug"
statute, Ind. Code § 35-48-4-1—criminalizes more conduct
than the Guidelines' definition of a controlled substance of-
fense. As such, Smith contends that his conviction under the
overbroad statute cannot serve as a predicate controlled sub-
stance offense for purposes of a career-offender designation.
Smith asks that we vacate his sentence for improperly includ-
ing a career-offender enhancement. We disagree with Smith's
interpretation of the statute and thus affirm the district court's
judgment.

## I. Background

### A. The Indictment and Guilty Plea

In March 2017, Smith sold cocaine on two occasions to a
confidential informant. When law enforcement searched his
home, he had 12.83 grams of cocaine base, 111.57 grams of co-
caine powder, a rifle, two panels of a body-armor vest, and a
digital scale. In an indictment, the government charged Smith
with one count of possession with intent to distribute a con-
trolled substance in violation of 21 U.S.C. § 841(a)(1),
(b)(1)(C); two counts of unlawful possession of a firearm in
violation of 18 U.S.C. § 922(g)(1); and three counts of distribu-
tion of a controlled substance in violation of 21 U.S.C.
§ 841(a)(1), (b)(1)(C). The government also filed an infor-
mation under 21 U.S.C. § 851, alleging that Smith had a prior
felony drug conviction from 2004 for possession with intent

to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).

Smith did not contest the charges. He entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). Smith agreed to plead guilty to Count One, possession with the intent to distribute a controlled substance, which was punishable by a maximum sentence of thirty years, and Count Two, possession of a firearm by a prohibited person, which was punishable by a maximum sentence of ten years. Smith also stipulated that he had two prior convictions for offenses that were punishable by more than one year of imprisonment. The first was the 2004 conviction that the government identified in the information. The second was a 2009 state conviction for "Dealing in cocaine or narcotic drug" in violation of Indiana Code § 35-48-4-1. In the event that the court sentenced Smith as a career offender under § 4B1.1 of the Guidelines, Smith reserved his right to appeal that determination.

Under the Guidelines, a defendant who qualifies as a career offender receives an enhancement to his sentence. U.S.S.G. § 4B1.1. To be a "career offender," a defendant must be: (1) at least eighteen years old at the time he committed the offense of conviction; (2) the offense of conviction must be a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). A "controlled substance offense" includes any federal or state offense that is punishable by a term of imprisonment of over one year and prohibits "the manufacture, import, export, distribution, or

dispensing of a controlled substance (or a counterfeit sub-
stance) or the possession of a controlled substance (or a coun-
terfeit substance) with intent to manufacture, import, export,
distribute, or dispense." *Id.* § 4B1.2(b).

## B. The Presentence Investigation Report

The United States Probation Office filed an initial presen-
tence investigation report ("PSR") on April 16, 2018. Then, on
May 18, 2018, the Probation Office filed the final PSR with an
addendum containing Smith's objections and the Probation
Office's responses; the substance of the PSR was otherwise
unchanged from the initial filing.

According to the PSR, the base offense level for Smith's
controlled substance offense was 20 due to the amount of co-
caine involved. U.S.S.G. § 2D1.1(a)(5), (c)(10). Smith received
a 2-level enhancement for maintaining a premises for the pur-
pose of distributing controlled substances, *id.* § 2D1.1(b)(12),
so his adjusted offense level for the controlled substance of-
fense was 22. For Smith's firearm offense, the total offense
level was 26, *id.* § 2K2.1(a)(1); and because he received no en-
hancements for that offense, his adjusted offense level was
also 26. The PSR used the greater of the two adjusted offense
levels—here, 26. Next, the PSR determined that Smith should
receive the career-offender enhancement. *Id.* § 4B1.1(b)(2). As
a result, Smith's offense level increased to 34. Finally, Smith
received a 2-level deduction for accepting responsibility for
the offense and a 1-level deduction for timely notifying au-
thorities of his intention to enter a guilty plea. *Id.* § 3E1.1(a),
(b). Thus, Smith's total offense level was 31. Because the PSR
considered Smith a career offender, it calculated his criminal
history category at VI. *Id.* § 4B1.1. Without career-offender
status, Smith's criminal history category would have been III.

Given a total offense level of 31 and a criminal history category of VI, the PSR calculated the Guidelines' imprisonment range as 188 to 235 months.

Smith filed ten objections to the PSR. Relevant to this appeal, Smith argued that his conviction under Indiana Code § 35-48-4-1 was not a "controlled substance offense" under § 4B1.2(b), and therefore, he did not have the requisite two controlled substance offenses to qualify for the career-offender enhancement. More specifically, he claimed that the Indiana statute underlying his prior state conviction is broader than the Guidelines' generic definition of "controlled substance offense." The probation officer disagreed, explaining that the elements of the crime of which Smith was convicted under Indiana's statute fits squarely within § 4B1.2(b)'s definition of "controlled substance offense."

### C. The Change of Plea and Sentencing Hearing

On August 3, 2018, the court held Smith's change of plea and sentencing hearing. After the Rule 11 colloquy, the district court accepted Smith's guilty plea to Counts One and Two. The court also heard arguments about Smith's objections to the PSR but ultimately overruled each of them. The court explained that a career-offender enhancement was proper because "whether you consider the statute in its entirety, or you break it down into a divisible non-categorical sort of approach … the prior conviction of Mr. Smith, the second one under Indiana law, was for a controlled substance violation." Ultimately, the court imposed a sentence of 188 months for Count One and 120 months for Count Two, with both sentences to run concurrently. This appeal followed.

## II. Discussion

Smith challenges the career-offender enhancement to his sentence pursuant to § 4B1.1 of the Guidelines, arguing that his conviction under Indiana's "Dealing in cocaine or narcotic drug" statute, Ind. Code § 35-48-4-1, is not a predicate controlled substance offense under § 4B1.2(b) of the Guidelines. We review the determination of whether a prior offense is a controlled substance offense under the Guidelines de novo. *See United States v. Tate*, 822 F.3d 370, 375 (7th Cir. 2016). The Indiana statute at issue here provides, in relevant part:

> (a) A person who:
>
> > …
> >
> > (2) possesses, with intent to:
> >
> > > (A) manufacture;
> > >
> > > (B) finance the manufacture of;
> > >
> > > (C) deliver; or
> > >
> > > (D) finance the delivery of;
> >
> > cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;
>
> commits dealing in cocaine or a narcotic drug, a Class B felony, except as provided in [the subsection defining Class A felony offenses].

Ind. Cod. § 35-48-4-1 (2008).

To determine whether a prior conviction is a controlled substance offense for purposes of the Guidelines, courts apply a "categorical approach," whereby they "focus solely on … the elements of the crime of conviction … while ignoring the particular facts of the case" to see if those elements "match"

the elements of the "generic" offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the elements of the crime of conviction are the same as, or narrower than, the elements of the generic version of the offense, the crime of conviction qualifies as a predicate offense. *Id.* at 2247–48. If the elements are broader, we ask whether the statute is "divisible." A statute is divisible if it lists elements in the alternative, thereby defining multiple crimes. *Id.* at 2249. When analyzing a divisible statute, a sentencing court applies a "modified categorical approach." *Id.* Under that approach, the court reviews "a limited class of documents"—known as *Shepard*-approved documents—"to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The court then "compare[s] that crime … with the relevant generic offense." *Id.*

Here, the district court explained that a conviction under Indiana Code § 35-48-4-1 qualifies as a controlled substance offense regardless of whether the categorial or modified categorical approach applied. We agree. Arguably, the statute has the same elements as § 4B1.2(b), so the career-offender enhancement should apply under the categorical approach.[1] But even if the statute is broader than the Guidelines' definition, because the statute is divisible, we apply the modified categorical approach and reach the same result.

---

[1] The application note to § 4B1.2(b) states that a controlled substance offense "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, cmt. n.1. That describes conduct that might qualify as "financ[ing]" drug-dealing under Indiana Code § 35-48-4-1(a)(2)(B) or (D).

### A.  Divisibility

Our first task is to determine whether Indiana Code § 35-48-4-1 is divisible. To do so, we must discern whether an alternatively phrased statute, like Indiana's cocaine-dealing statute, lists alternative elements or alternative means. *Mathis*, 136 S. Ct. at 2256. "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id.* at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)). Means are factual circumstances or events; "they need neither be found by a jury nor admitted by a defendant." *Id.* (citing Black's Law Dictionary 709).

Sometimes this initial inquiry is straightforward, either because a state court has decided that the statute's alternatives are elements or means, or because it is indisputable from the plain language of the statute that the alternatives are elements or means. *See id.* But when state law does not provide a clear answer, *Mathis* guides the sentencing court to look at the record of the prior conviction "for 'the sole and limited purpose of determining whether [the listed items are] element[s] of the offense.'" *Id.* at 2256–57 (alterations in original) (citation omitted). This review of the record is truly *limited* because if by peering into the record the sentencing court learns that the listed items are means, the court must cease further consideration of the record and return to strictly applying the categorial approach. *Id.* at 2257.

Smith insists that the statute is indivisible, but he does not offer any reasoning or legal authority to support this position. The government, by contrast, argues that both Indiana law and the record of conviction support its position that the statute is divisible.

### 1. *Indiana Law*

Turning first to the language of § 35-48-4-1 itself, the government argues that the statute is divisible because certain subsections impose different punishments. *See id.* at 2256 ("If statutory alternatives carry different punishments, then … they must be elements." (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000))). Per the statute, a defendant is guilty of a Class B felony if the defendant knowingly or intentionally: (1) manufactured a narcotic drug, (2) financed the manufacture of a narcotic drug, (3) delivered a narcotic drug, or (4) financed the delivery of a narcotic drug. Ind. Code. § 35-48-4-1(a) (2008). Whereas a defendant would be guilty of a Class A felony if: (1) the amount of the drug weighed more than three grams; (2) the defendant delivered or financed the delivery of a narcotic drug to a person under eighteen and at least three years younger than the defendant; or (3) the defendant manufactured, delivered, or financed the delivery of the drug on a school bus, or in, on, or within one-thousand feet of a school property, public park, family housing complex, or youth program center. *Id.* § 35-48-4-1(b)(1)–(3).

We, however, do not read § 35-48-4-1(b) as assigning different punishments to the alternative types of conduct outlined in each subsection of § 35-48-4-1(a). Rather, we read § 35-48-4-1(b) as assigning different punishments for aggravated versions of that same conduct described in the subsections of § 35-48-4-1(a). The legislature punishes drug dealing in larger quantities more harshly than it does drug dealing in smaller quantities, § 35-48-4-1(b)(1); it punishes drug dealing to certain minors more harshly than drug dealing to adults, § 35-48-4-1(b)(2); and it punishes drug dealing near places where children congregate more harshly than drug dealing in

places where children are less likely to be present, § 35-48-4-1(b)(3).

While the statutory language does not itself establish that § 35-48-4-1(a) includes alternative elements and is divisible, we do agree that Indiana caselaw supports that conclusion. The government cites two Indiana state court decisions that treat the statute as listing alternative elements that define multiple crimes. *See Eckelbarger v. State*, 51 N.E.3d 169, 170 & n.1 (Ind. 2016) (per curiam) (characterizing dealing crimes as "dealing in methamphetamine (by delivery)" and "dealing in methamphetamine (by manufacture)"); *Collins v. State*, 659 N.E.2d 509, 510–11 (Ind. 1995) (isolating the delivery element from the other three alternatives in deciding what the state "must have proved" in the context of double jeopardy challenge on appeal).[2] And as we stated in *United States v. Anderson*—an unpublished order issued after the government filed its appellate brief—"Indiana courts treat § 35-48-4-1(a) as divisible." No. 18-1548, slip op. at 6 (7th Cir. Mar. 21, 2019)[3];

---

[2] Although the Indiana legislature frequently amends and republishes § 35-48-4-1, for the purposes of this appeal, the versions of the statute remain substantively the same between the approval of Public Law 165 in 1990 through the publication of the pocket part in 2009. *See* Pub. L. No. 165-1990, § 3; Pub. L. No. 296-1995, § 3; Pub. L. No. 65-1996, § 11; Pub. L. No. 17-2001, § 19; Pub. L. No. 151-2006, § 22; Ind. Code § 35–48–4–1 (2008); Ind. Code § 35–48–4–1 (2009).

[3] As we explained in *Anderson*, our conclusion that Indiana Code § 35-48-4-1 is divisible is consistent with our opinion in *Lopez v. Lynch*, in which we applied the modified categorical approach (without expressly deciding the issue of divisibility) to determine if a conviction under § 35-48-4-1(a) constituted an aggravated felony under the Immigration and Nationality Act. *Anderson*, slip op. at 6 (citing *Lopez v. Lynch*, 810 F.3d 484, 489 (7th Cir. 2016)).

*see McKinley v. State*, 45 N.E.3d 25, 29 (Ind. Ct. App. 2015) (rejecting the State's argument that subsection (a)(1)'s "knowingly or intentionally" applies to subsection (a)(2) because of the "disjunctive conjunction" between the two subsections); *Harper v. State*, 963 N.E.2d 653, 658 n.3 (Ind. Ct. App. 2012) (describing the statute as "provid[ing] the *elements* for the crimes of dealing in cocaine or a narcotic drug"(emphasis added)); *Upshaw v. State*, 934 N.E.2d 178, 183 (Ind. Ct. App. 2010) (explaining that in order to convict the defendant of a class B felony dealing in cocaine, "the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed cocaine with the intent to deliver").

### 2. *Record of Conviction*

In any event, even if Indiana law did not provide a clear answer to the elements or means question, the government asserts that a targeted glance at Smith's record of conviction confirms that the statute's list of alternatives are elements and not means. *See Mathis*, 136 S. Ct. at 2256–57. Here, the record included a plea agreement, the judgment of conviction, an information, and a transcript of a colloquy with the state court judge. Only the latter two sources provide information at the requisite level of specificity.[4]

The information describes Smith's charge in the following terms: "Smith … did knowingly possess with intent to deliver

---

[4] The plea agreement only shows that Smith pleaded guilty to "Count I-Dealing in Cocaine, as a class B felony lesser included offense"; it does not cite the relevant subsection of the statute nor does it describe the underlying criminal conduct. The judgment of conviction indicates that Smith was found guilty of dealing in cocaine or narcotics and that the "Class" for that conviction was "FA." But under the section for "Judge's

a controlled substance, that is: cocaine, in an amount greater than three (3) grams." And Smith's colloquy with the state court judge similarly establishes that Smith pleaded guilty to possession with the intent to deliver:

> THE COURT: … Count I, as a Class B felony, alleges that … you, Tom Smith, … did knowingly possess, with the intent to deliver, a controlled substance, that is: cocaine. Is that the first count you're pleading guilty to?
>
> THE DEFENDANT: Yes.

Although neither the information nor the transcript of the colloquy cite to a specific subsection of the statute, it is clear from the descriptions that both documents refer to "possession, with intent to … deliver" under § 35-48-4-1(a)(2)(C). Indeed, they do not mention the terms "manufacture" or "finance," one of which would be necessary to charge or convict Smith under any of the other subsections in the statute. *See* Ind. Code § 35-48-4-1(a)(2)(A)–(B), (D). This limited view into the record of conviction shows that the state focused on one of the statute's alternative subsections to the exclusion of all others in charging Smith and reaching a plea agreement; therefore, it follows that § 35-48-4-1(a)'s alternative subsections are a list of alternative elements.

## B. Modified Categorical Approach

Since Indiana Code § 35-48-4-1 is divisible, we apply the modified categorical approach. First, we review the *Shepard-*

---

Recommendations," only the following "sentencing comments" appeared: "Judgment of conviction entered as lesser included dealing in cocaine/FB on Count I."

approved documents to understand of which crime and elements the defendant was convicted. *See Mathis*, 136 S. Ct. at 2249. Then, we compare the elements of that crime to the generic offense. *See id.* Here, this endeavor is straightforward because, as we just explained, the information and Smith's colloquy with the state court judge confirm that Smith was charged with and ultimately pleaded guilty to knowingly possessing, with the intent to deliver, a controlled substance. *See* Ind. Code § 35-48-4-1(a)(2)(C). That crime and those elements match the Guidelines' definition of a controlled substance: (1) possession (2) of a controlled substance (3) with the intent to distribute that substance. *See* U.S.S.G. § 4B1.2(b). The distinction between "deliver" in Indiana's statute and "distribute" in the Guidelines' definition is without a difference. *See United States v. Madkins*, 866 F.3d 1136, 1144 (10th Cir. 2017) ("Federal law provides that for purposes of [U.S.S.G. § 4B1.2(b)'s] definition, 'distribute' means 'to deliver … a controlled substance or listed chemical.'" (second alteration in original) (quoting 21 U.S.C. § 802(11))).

Smith's conviction under § 35-48-4-1 qualifies as his second predicate controlled substance offense. We affirm the district court's decision to apply the career-offender enhancement in sentencing Smith.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.