In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2662

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH A. WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:16-CR-100-JD-MGG-1 — **Jon E. DeGuilio,** *Judge.*

ARGUED JULY 9, 2019 — DECIDED JULY 23, 2019

Before KANNE, HAMILTON, and SCUDDER, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Joseph Williams pleaded guilty
to possessing a gun as a felon, 18 U.S.C. § 922(g)(1), and pos-
sessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1).
He appeals only his sentence, arguing that the district court
erred by sentencing him under the Armed Career Criminal
Act, 18 U.S.C. § 924(e)(1), based on three prior Indiana convic-
tions: burglary, robbery, and dealing cocaine. He challenges
the use of the cocaine conviction on two grounds. First, he

says the record does not show just which statute he was convicted of violating. Second, he argues that Indiana's statute on dealing cocaine, Ind. Code § 35-48-4-1 (2006), is broader than the ACCA definition of a "serious drug offense." We disagree on both points and affirm the sentence under the ACCA.

I.  *Factual and Procedural Background*

Police arrested Williams for selling cocaine and then found a gun in his pocket. After he pleaded guilty to federal firearm and cocaine charges, the government sought a sentencing enhancement under 18 U.S.C. § 924(e), which applies if the defendant has three prior convictions for violent felonies or serious drug offenses on three different occasions. The government offered evidence of Williams' three prior convictions for burglary, robbery, and dealing cocaine. For the cocaine conviction, the government established that the State of Indiana filed an information in 2007 charging Williams with a Class A Felony for "Dealing Cocaine." The information cited Indiana Code § 35-48-4-1 and two subsections. It also alleged that Williams knowingly or intentionally delivered cocaine within one thousand feet of a school. Williams pleaded guilty under a plea agreement to "the lesser included offense of Dealing Cocaine as a Class B Felony." The state court accepted Williams' plea of guilty to "the lesser included offense of Dealing Cocaine."

The district court concluded that Williams was an armed career criminal under the ACCA, 18 U.S.C. § 924(e). The parties agree that Williams had two prior convictions for violent felonies. The ACCA enhancement depends on the cocaine conviction. The court determined that Williams' "Dealing Cocaine" conviction qualified as a predicate "serious drug offense." The court relied on the presentence report. It said,

without any dispute from Williams, that the conviction for delivering cocaine qualified as a serious drug offense under the ACCA. With three qualifying convictions, Williams was an armed career criminal subject to a statutory minimum of fifteen years in prison. See 18 U.S.C. § 924(e)(1). The court calculated a Sentencing Guideline range of 210 to 262 months in prison based on offense level 32 and criminal history category VI. The judge found that this range likely overstated the seriousness of Williams' conduct and sentenced him to 188 months in prison.

II. *Analysis*

On appeal, Williams argues that the district court improperly enhanced his guideline range because his dealing-cocaine offense is not a predicate "serious drug offense" under the ACCA. The statute defines a "serious drug offense" to include crimes "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Because Williams did not raise this issue in the district court, we review the enhancement for plain error. See Fed. R. Crim. P. 52(b); *United States v. Lynn*, 851 F.3d 786, 793 (7th Cir. 2017).

Williams first contends that his conviction for dealing cocaine is not a predicate offense because the district court did not know which statute the Indiana court used to convict him. He concedes that he pleaded guilty to delivering cocaine, but he points out that the state court judgment refers only to the "lesser included offense of Dealing Cocaine" and does not cite a more specific statutory provision. Therefore, Williams reasons, the district court plainly erred in deciding that his statute of conviction meets the definition of a "serious drug

offense" under the ACCA. We disagree for two independent reasons, one legal and one factual.

First, as a matter of law, even assuming the state court documents were ambiguous, the ambiguity would not establish plain error. Williams did not object at sentencing to the court's reliance on this conviction as a predicate offense. Naturally, then, the parties did not put energy into building a thorough record on the issue. The court was entitled to accept the undisputed assertion in the presentence investigation report as a finding of fact. See *United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010). Even if the documents may not resolve the issue beyond all reasonable doubt, this is plain-error review. It is the appellant's burden to show that an error *actually* occurred, not merely that an error *might* have occurred. *United States v. Ramirez*, 606 F.3d 396, 398–99 (7th Cir. 2010) (rejecting government's confession of error on plain-error review; in absence of objection in district court, record did not show definitively whether defendant's prior convictions qualified as crimes of violence under Sentencing Guidelines). On appeal, Williams points to no evidence suggesting that he was convicted of a crime other than § 35-48-4-1(a)(1)(C). See *United States v. Meherg*, 714 F.3d 457, 459 (7th Cir. 2013) (affirming ACCA sentence where defendant failed to come forward with evidence that PSR description of prior conviction was wrong); *United States v. Black*, 636 F.3d 893, 897 (7th Cir. 2011) (same under career-offender guideline).

Second, as a matter of fact, the context here actually removes uncertainty about the nature of the Indiana conviction. The information charged Williams with delivering cocaine, and it cited Indiana Code § 35-48-4-1. Under Indiana's criminal code in effect in 2007, this statute had two subsections,

both of which were also cited in the information. Subsection (a)(1)(C) defined the base crime—delivery of cocaine—as a class B felony. Subsection (b)(3) elevated that crime to a Class A felony if more facts were present, such as proximity to a school, which the information also alleged. Williams' plea of guilty to a "lesser included … Class B Felony" means that this additional fact of school proximity was not applied; the crime of conviction thus was § 35-48-4-1(a)(1)(C).

That brings us to Williams' second argument, that even if he was convicted under § 35-48-4-1, a conviction under it cannot be an ACCA predicate. Asserting that the statute is "indivisible" for purposes of applying the categorical approach under the ACCA, he argues its subsections collectively cover more than "serious drug offenses." He explains that another portion of the section criminalizes a person who "finances" an illegal drug trade. See Ind. Code § 35-48-4-1(a)(1)(D) (2006). By contrast, he continues, the ACCA definition does not cover financing; it covers state crimes "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," without mention of financing. See 18 U.S.C. § 924(e)(2)(A)(ii). This argument fails for two independent reasons.

First, circuit precedent forecloses one premise of his argument—that the Indiana statute is indivisible. We held in *United States v. Smith*, 921 F.3d 708, 715 (7th Cir. 2019), that this Indiana statute is divisible—that is, it contains multiple crimes under one heading or section. See *Descamps v. United States*, 570 U.S. 254, 261–62 (2013) (explaining divisibility). Williams admits that he was convicted of "delivering" cocaine, not "financing" it. And the ACCA unquestionably covers delivering cocaine. See *Meherg*, 714 F.3d at 459–60. By

that reasoning, the ACCA enhancement was proper under § 35-48-4-1(a)(1)(C).

Williams counters that *Smith* was decided wrongly. He asks us to seek guidance on the divisibility of § 35-48-4-1 from the Indiana Supreme Court, which has not addressed that issue under this statute. See *United States v. Franklin*, 895 F.3d 954 (7th Cir. 2018) (certifying state-law issue of divisibility of state burglary statute to state supreme court). But certification is appropriate only when the law is indefinite or unclear. See *Village of Bedford Park v. Expedia, Inc.*, 876 F.3d 296, 302 (7th Cir. 2017). For the reasons we explained in *Smith*, the divisibility of this Indiana statute is sufficiently clear, and much clearer than the state-law issue that led us to certify in *Franklin*. Moreover, even if divisibility were unclear, as Williams contends, he would still lose on plain-error review because only a "plain" error could justify reversal. See *Lynn*, 851 F.3d at 793. In any event, as explained in *Smith*, most of Indiana's caselaw supports treating § 35-48-4-1 as divisible. 921 F.3d at 714–15 (collecting Indiana cases). And Williams' "disagreement with a prior holding is an inadequate basis to overturn precedent." *United States v. Lamon*, 893 F.3d 369, 372 (7th Cir. 2018).

The second reason Williams' challenge fails is that even if § 35-48-4-1 were not divisible, the entire statute does not encompass more conduct than the ACCA definition of "serious drug offense." We reached this conclusion in a non-precedential order earlier this year, *United States v. Anderson*, 766 F. App'x 377, 381–82 (7th Cir. 2019). We now adopt the reasoning and holding of that decision on the issue in this precedential opinion.

As we explained in *Anderson*, under the ACCA, we apply the "categorical" method that focuses only on the elements of

the crime of conviction, not the actual facts of the defendant's conviction. 766 Fed. App'x at 380, citing *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under that method, if the elements of the crime of conviction reach more broadly than the definition of a "serious drug offense" in the ACCA, so that it is possible to violate the underlying statute without committing a "serious drug offense" within the meaning of the ACCA, then a conviction under the statute cannot serve as a predicate "serious drug offense" under the ACCA. See *Mathis*, 136 S. Ct. at 2248, citing *Taylor v. United States*, 495 U.S. 575, 600–01 (1990).

The principal point of dispute is the Indiana statute's application to financing of cocaine manufacture or delivery. The Indiana statute under which Williams was convicted provided in 2007:

> (a) A person who:
> (1) knowingly or intentionally:
>> (A) manufactures;
>> (B) finances the manufacture of;
>> (C) delivers; or
>> (D) finances the delivery of;
> cocaine or a narcotic drug, or methamphetamine, pure or adulterated, classified in schedule I or II; or
> (2) possesses, with intent to:
>> (A) manufacture;
>> (B) finance the manufacture of;
>> (C) deliver; or
>> (D) finance the delivery of;
> cocaine or a narcotic drug, or methamphetamine, pure or adulterated, classified in schedule

I or II;

commits dealing in cocaine or a narcotic drug,
or methamphetamine, a Class B felony, except
as provided in subsection (b).

Ind. Code § 35-48-4-1(a) (2006).

Williams argues that by including *financing* the manufacturing or delivery of cocaine, the Indiana statute reaches more broadly than the ACCA definition of a serious drug crime. We disagree.

Recall that the ACCA's text covers crimes "*involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). The word "involving" is broad enough to reach the Indiana crimes of financing the manufacture or delivery of cocaine.

As we explained in our order in *Anderson*, federal courts interpret the word "involving" as having "expansive connotations." 766 Fed. App'x at 382, quoting *United States v. King*, 325 F.3d 110, 113 (2d Cir. 2003). In *King*, the Second Circuit ruled that the word "must be construed as extending the focus of § 924(e) beyond" the listed offenses to "encompass[ ] ... offenses that are related to or connected with such conduct." 325 F.3d at 113. Adopting this reasoning, other courts have affirmed sentencing enhancements under the ACCA based on convictions for attempt and conspiracy to manufacture, distribute or possess with the intent to distribute drugs. See *United States v. Coleman*, 700 F.3d 329, 339 (8th Cir. 2012) (attempt); *United States v. Williams*, 488 F.3d 1004, 1009 (D.C. Cir. 2007) (attempt); *United States v. McKenney*, 450 F.3d 39, 43–45

(1st Cir. 2006) (conspiracy); *United States v. Winbush*, 407 F.3d 703, 707–08 (5th Cir. 2005) (attempt); *King*, 325 F.3d at 114–15 (attempt). The Third Circuit adopted a similarly expansive definition of "involving" in *United States v. Gibbs*, 656 F.3d 180 (3d Cir. 2011), finding that a Delaware conviction for wearing body armor while committing a felony "involve[d]" a serious drug offense where the underlying felony was manufacturing, distributing, or possessing with the intent to distribute drugs. *Id*. at 184–85, 188.

Williams argues that Indiana courts have interpreted the "financing" language to apply to a defendant's purchase of drugs for his own personal use. The Indiana Court of Appeals persuasively rejected that broad reading in *Hyche v. State*, 934 N.E.2d 1176, 1179 (Ind. App. 2010), explaining that the term "is commonly construed as applying to one who acts as a creditor or an investor and not one who merely acts as a purchaser." In *Hyche*, the defendant had been convicted of felony murder in a drug deal in which he was trying to buy ecstasy for his personal use. The state court reversed his conviction because he had not been "financing" the purchase with his own money for his own use. The defendant had acted "merely as a purchaser and not as a creditor or an investor," and "he could no more be deemed to be financing the delivery of ecstasy than a grocery shopper could be deemed to be financing the supermarket's inventory." *Id*. at 1180.

To counter *Hyche*, Williams cites two Indiana appellate cases that he contends ruled differently. In *Kibler v. State*, 904 N.E.2d 730 (Ind. App. 2009) (non-precedential), the court vacated a conviction for dealing in heroin on double jeopardy grounds but based its conclusion on the unexplained and unjustified theory that the defendant had "financed" his own

purchase of heroin for his own use. In *Vausha v. State*, No. 13A01-0607-CR-280, 2007 WL 2595427 (Ind. App. 2007) (non-precedential), the defendant and her husband had teamed up to sell methamphetamine to a neighbor who was cooperating with the police, and the defendant had participated in negotiating the price of the sale.

These cases do not convince us that the Indiana statute actually reaches activity that would not be a serious drug offense under the federal ACCA. Both are non-precedential, and both predate *Hyche*, which is precedential and well-reasoned. Also, *Vausha* was not even a personal-use case. The defendant there financed drug dealing in part by buying "600 cold pills" to make more than three grams of methamphetamine that she then tried to sell. 2007 WL 2595427, at *5.

*Hyche* provides the most authoritative guidance on the scope of the Indiana crimes of "financing" the manufacture and delivery of cocaine. That scope falls within the federal definition of a serious drug offense under the ACCA.

The judgment of the district court is AFFIRMED.