**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019
Decided November 19, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3431

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:17-cr-50032-1 |
| DERRICK T. NEVILLE, JR., *Defendant-Appellant*. | **Frederick J. Kapala**, *Judge*. |

## O R D E R

Derrick Neville, Jr. pleaded guilty to possessing a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(2), and was sentenced to 186 months in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e). He has appealed, but his lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Neville opposes the motion using the procedure in Circuit Rule 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our

review to the subjects that counsel and Neville discuss. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Neville could challenge the voluntariness of his guilty plea. Counsel does not expressly indicate whether he spoke to Neville about challenging the plea, see *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002), and Neville is silent about the issue in his Rule 51(b) response. But the omissions do not require that we deny the *Anders* motion. The transcript of the plea colloquy shows that the district court accepted the guilty plea only after substantially complying with the requirements of Federal Rule of Criminal Procedure 11. See *Konczak*, 683 F.3d at 349. During the colloquy, Neville said that he understood the nature of the proceeding and the questions he was being asked. The judge explained to him what rights he was relinquishing by pleading guilty, see Rule 11(b)(1)(B)–(F), warned him of the consequences of the plea, see Rule 11(b)(1)(H)–(N), assured itself that the plea was voluntary, see Rule 11(b)(2), and determined that the plea had a factual basis. See Rule 11(b)(3). The only omission we see is that the judge did not inform Neville that non-citizens may be removed from the United States if convicted, see Rule 11(b)(1)(O), but this omission did not prejudice Neville because he is a United States citizen. On this record, any argument challenging the voluntariness of the plea would be frivolous.

Counsel next considers whether Neville could challenge his classification as an Armed Career Criminal under § 924(e) and appropriately concludes that this argument would be frivolous because he waived it during the district court's proceedings. A party waives an argument when he intentionally (as opposed to negligently) chooses not to raise it. *United States v. Waldrip*, 859 F.3d 446, 449 (7th Cir. 2017). In his sentencing memorandum, Neville stated that he expressly agreed with his classification as an Armed Career Criminal and the Sentencing Guideline calculations set forth in the presentence report. In that memorandum, he acknowledged that "he was afforded the right to challenge his classification," but that his "attorney believe[d] that after reviewing [his] criminal history, the PSR and the applicable case law that there [was] not a good faith basis to challenge his classification." Later, at the sentencing hearing, Neville's counsel reiterated that he could not "object to or disagree with" the prosecutor's guideline calculations and agreed that Neville's criminal history "falls with the case law regarding him being classified as an armed career criminal." By intentionally relinquishing the opportunity in these two instances to contest his Armed Career Criminal classification, Neville waived the right to challenge it on appeal. See

*Waldrip*, 859 F.3d at 449. Accordingly, any challenge to the classification—and the application of the Guidelines—would be frivolous.

In his Rule 51(b) response, however, Neville challenges the classification and contends that his two convictions under the Illinois Controlled Substances Act, 720 ILCS § 570/401(c), are not "serious drug offenses" under the ACCA.

To determine whether a prior conviction counts as a serious drug offense under the ACCA, courts apply a "categorical" approach that focuses on the elements of the crime of conviction, rather than the facts underlying the conviction. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2019). If the elements of the crime of conviction reach more broadly than the definition of a "serious drug offense" under the ACCA—in other words, if it is possible to violate the underlying statute without committing a "serious drug offense" within the meaning of the ACCA—then the conviction cannot serve as a predicate offense under the ACCA. *United States v. Williams*, 931 F.3d 570, 575 (7th Cir. 2019); see also 18 U.S.C. § 924(e).

In interpreting the ACCA, the Supreme Court has recognized a "narrow range of cases" in which courts may look beyond the statute of conviction to determine if it qualifies as an ACCA predicate offense. *Taylor v. United States*, 495 U.S. 575, 602 (1990). If a statute is "divisible"—that is, if it identifies multiple crimes under one section or heading—courts may apply a "modified categorical approach" and examine a limited class of documents, such as indictments or plea agreements, to determine if the defendant was convicted of a version of the crime that falls within the ACCA definition of a "serious drug offense." *Descamps*, 570 U.S. at 257, 261–63.

Neville maintains that the list of substances criminalized in 720 ILCS § 570/401(c) sweeps more broadly than the list of substances contemplated by 18 U.S.C. § 924(e). Illinois's § 570/401(c) outlaws, among other things, possession with intent to deliver certain controlled substances and lists the substances it criminalizes in individual subsections. The federal § 924(e)(ii) defines a "serious drug offense" as a drug conviction under state law, drawing its list of criminalized substances from the Controlled Substances Act, 21 U.S.C. § 802. Indeed, we recently determined that 720 ILCS § 570/402(c)—a provision similar to § 570/401(c) that criminalizes drug possession and uses subsections to list a comparable set of substances—is not divisible and includes substances that are *not* controlled substances under federal law. *Najera-Rodriguez v. Barr*, 926 F.3d 343, 348, 356 (7th Cir. 2019). As a result, we concluded that a conviction under 720 ILCS § 570/402(c) cannot serve as a "felony drug offense" for

federal sentencing purposes. See *United States v. De La Torre*, 940 F.3d 938, 949 (7th Cir. 2019).

Even if Neville's argument were not barred by his waiver in the district court, it would be foreclosed by the circumstances of his guilty plea. Unlike the defendant in *Najera-Rodriguez*, he pleaded guilty to violating two specific subsections of the Illinois Controlled Substances Act, 720 ILCS § 570/401(c)(1) and § 570/401(c)(2), rather than § 570/401(c) generally. These two subsections criminalize possession of heroin and cocaine. These provisions are divisible so that the modified categorical approach can apply. There is thus no ambiguity about which substances are implicated by Neville's convictions and whether those substances are also criminalized under federal law. Accordingly, we can determine that his convictions count as "serious drug offenses" under federal law without needing to look beyond the statutory text. We add that we have previously rejected a categorical challenge to the use of § 570/401 as a predicate drug offense under the Guidelines, albeit on different grounds. See *United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017).[1]

Finally, we agree with counsel that it would be frivolous to challenge the reasonableness of Neville's sentence, which is two months below the low end of his correctly calculated guideline range of 188 to 235 months. Where, as here, the sentence is below the guideline range, we presume that it is reasonable. See *Rita v. United States*, 551 U.S. 338, 347–56 (2007); *United States v. Griffith*, 712 F.3d 1006, 1012 (7th Cir. 2013). Counsel cannot identify any grounds for overcoming that presumption, nor can we. See *United States v. Melendez*, 819 F.3d 1006, 1014 (7th Cir. 2016). The district court properly considered each relevant 18 U.S.C § 3553(a) sentencing factor, specifically discussing Neville's personal background (placing special emphasis on his youth, remorse, and difficult upbringing, but weighing them against his mental illness and substance abuse), his criminal history (noting that he had a "chronic" criminal history beginning at age thirteen and committed the current offense nine months after being released on parole), and the need to protect the public and adequately deter future criminal conduct (concluding that a sentence below the guideline range was appropriate but determining

---

[1] In a supplement to his Circuit Rule 51 statement filed on November 8, 2019, Neville cited *Najera-Rodriguez*, asserted that his 2014 conviction in DeKalb County was for a violation of § 570/402(c), and concluded that *Najera-Rodriguez* therefore bars reliance on that conviction for enhancing his sentence. This argument is not correct. Paragraph 64 of the Presentence Report shows that the DeKalb County conviction was for violating § 570/401(c)(2), not § 402(c). Section 401(c)(2) is divisible in a way that § 402(c) is not. The DeKalb County conviction under § 401(c)(2) was properly counted as a serious drug offense.

that a term of supervised release following imprisonment would benefit both Neville and the community).

We GRANT counsel's motion to withdraw and DISMISS the appeal.